# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

RICKY GREEN,

    Defendant.

CR 417-047-1

## ORDER

Before the Court is Defendant Ricky Green's letter/motion requesting a sentence reduction. Dkt. No. 40. For the reasons below, Green's motion is **DISMISSED**.

## BACKGROUND

In June 2017, pursuant to a written plea agreement, Green pleaded guilty to possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). In October 2017, the Court sentenced Green to eighty months' imprisonment with the Bureau of Prisons, to be followed by three years' supervised release. Dkt. No. 34. Green did not appeal. He is currently incarcerated at USP Lewisburg in Lewisburg, Pennsylvania, with a projected release date of January 23, 2024.

**DISCUSSION**

Green now moves the Court to reduce his sentence. Dkt. No. 40. Notably, Green does not provide any statutory basis to reduce his sentence. Instead, he states that he has been a model inmate, that he poses no danger to the community, and that he is ready to reenter society. Id.

> The authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute. Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The Court concludes none of the circumstances allowing a district court to modify a sentence are present in this case. While the Court commends Green for his conduct while in custody and his efforts to make positive changes in his life, rehabilitation alone is not a basis for a sentence reduction. See United States v. Bryant, 996 F.3d 1243, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021) (citing 28 U.S.C. § 994(t)). Therefore, the Court has no jurisdiction to consider Green's

2

motion on its merits and must **DISMISS** it. United States v. Mathis, 408 F. App'x 311, 312 (11th Cir. 2011).

## CONCLUSION

For the reasons above, Green's motion for a sentence reduction, dkt. no. 40, is **DISMISSED**.

**SO ORDERED**, this 21 day of March, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3